IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-6-BO

| | | |
|---|---|---|
| AMIEE KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. The matters have been fully briefed and are ripe for ruling. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff[1] brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff applied for DIB on May 29, 2012, alleging disability since August 4, 2010. After initial denials, a video hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in the United States District Court for the Eastern District of Pennsylvania. Plaintiff's claim was transferred to this Court by order entered January 30, 2017.

---

[1] Plaintiff filed this action *pro se*, but an attorney has appeared on her behalf and filed the instant motion for judgment on the pleadings.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date through her date last insured. Plaintiff's degenerative disc disease of the cervical and lumbar spine were considered severe at step two but were not found alone or in combination to meet or equal a Listing at step three. At step four, the ALJ concluded that plaintiff had the RFC to perform sedentary work with limitations. The ALJ found that plaintiff could no longer perform her past relevant work as a dental assistant, dental hygienist, bridal consultant, or store manager. At step five, the ALJ found that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform, including receptionist/clerk, office clerk, and inspector. Thus, the ALJ concluded that plaintiff was not disabled as of the date of her decision.

In this appeal, plaintiff contends that the ALJ improperly discounted plaintiff's subjective statements about her pain, failed to conduct an analysis of Listings 1.04 and 11.14, improperly

discounted Dr. McAuley's opinion, and failed to properly analyze step five. The Court considers each argument in turn.

I.   Credibility determination.

The ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). The

> ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis v. Berryhill*, 858 F.3d 858, 865–66 (4th Cir. 2017) (internal citations omitted). Plaintiff contends that the ALJ erred when she determined that plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. The Court finds that substantial evidence supports the ALJ's determination.

While plaintiff correctly argues that once an impairment that is reasonably likely to cause pain has been demonstrated, a claimant is entitled to "rely exclusively on subjective evidence" to demonstrate that his pain is "so continuous and/or so severe that it prevents [him] from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 564 (4th Cir. 2006). However, an ALJ must also consider any conflicts between a claimant's statements and the rest of the evidence when determining how much credit to assign a claimant's subjective statements. 20 C.F.R. § 404.1529(c)(4). Here, the ALJ considered the MRIs in the record, taken both before and after plaintiff's motor vehicle accident, which showed no evidence of acute traumatic injury to the spine, no spinal cord compression or foraminal stenosis, no significant arthritic changes, and no evidence

4

of nerve root impingement or significant degenerative changes. Tr. 434-5, 562. However, plaintiff testified that, for example, she experiences extreme numbness which results in dropping things and her husband testified that plaintiff needs assistance with personal care such as bathing and dressing. Tr. 64-66. In light of the objective MRI evidence which demonstrated no significant objective findings, substantial evidence supports the ALJ's determination that the severity of pain and impairment alleged by plaintiff was not entirely credible.

II. Listings arguments.

Plaintiff contends that the ALJ erred in failing to consider Listings 11.14 and 1.04. The ALJ expressly considered whether plaintiff met the criteria for Listing 1.04 and properly determined that she does not as plaintiff's MRIs did not reveal nerve root compression, spinal arachnoiditis, or spinal stenosis resulting in pseudoclaudication. The opinion of Dr. McAuley, a primary care physician who opined that plaintiff's pain was caused by nerve root inflammation, Tr. 549, does not alter the analysis in the face of the radiological findings. As to the ALJ's failure to consider Listing 11.04, any error in doing so was harmless as the record does not demonstrate that plaintiff has suffered a traumatic brain injury or other qualifying neurological event or condition, and thus could not satisfy the Listing criteria. *See* Tr. 418;. 20 C.F.R. Part 404, Subpart P, App'x. 1, § 11.14 (addressing neurological disorders and requiring, *inter alia*, "significant and persistent" disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements or gait and station).

III. Treating physician opinion.

Dr. McAuley, plaintiff's primary care physician, offered a narrative opinion regarding plaintiff's conditions and limitations. Tr. 548-551. Treating source opinions are entitled to

5

controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Substantial evidence supports the ALJ's decision to afford Dr. McAuley's opinion little weight as it was unsupported by both the objective medical record and Dr. McAuley's own treatment records. For example, as noted above, Dr. McAuley's opinion that plaintiff's pain was caused by nerve root inflammation is not supported by the MRIs. Dr. McAuley's treatment notes also indicated negative Spurling's tests, which tests for cervical radiculopathy, on several occasions. *See Williams v. Colvin*, No. 3:13CVL73-HEH, 2014 WL 1248031, at *3 (E.D. Va. Mar. 25, 2014) (citing Dorland's Illustrated Medical Dictionary 1900 (32d ed.2012)).

IV. Step five analysis.

Plaintiff argues that the ALJ failed to fully develop the record before reaching her RFC determination, failed to resolve conflicts between the testimony of the vocational expert (VE) and the Dictionary of Occupational Titles (DOT), failed to include all of plaintiff's impairments in the hypotheticals presented to the VE, and failed to conduct a function by function analysis. The Court finds no error in the ALJ's step five analysis. As discussed above, substantial evidence supports the RFC finding and the hearing transcript reveals that the ALJ and the VE had a detailed discussion about the hypotheticals presented and the bases for the VE's opinions. Tr. 91-95. The ALJ's colloquy with the VE satisfies *Pearson v. Colvin*, 801 F.3d 204, 209-10 (4th Cir. 2015), which requires that an ALJ receive an adequate explanation from the VE as to how any conflict has been resolved if the VE's testimony is in conflict with the DOT. Plaintiff contends that the VE did not provide an explanation that established that the suggested occupations encompassed

consideration of plaintiff's limitations, but as was noted by the VE at the hearing, the VE considers the hypotheticals posited by the ALJ and not a claimant's limitations as presented at the hearing. Tr. 97-98. Finally, the ALJ's decision comports with *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015), which requires that an ALJ conduct a function by function analysis before expressing an RFC, but declines to adopt a per se rule that failing to do so requires remand. *See also* SSR 96-8p. Here, the ALJ fully addressed the record and testimonial evidence in arriving at the RFC finding which was utilized at step five. The Court finds no error and no basis for remand under *Mascio*.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 32] is DENIED and defendant's motion for judgment on the pleadings [DE 39] is GRANTED. The decision of the Commissioner is AFFIRMED. The motions to continue which remain pending [DE 38, 41] are DENIED AS MOOT.

SO ORDERED, this 29 day of March, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE